**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 15-4193**

UNITED STATES OF AMERICA,

    Plaintiff – Appellee,

  v.

KIMBERLEY J. DEMATA,

    Defendant - Appellant.

Appeal from the United States District Court for the District of South Carolina, at Greenville.  Timothy M. Cain, District Judge. (6:14-cr-00201-TMC-1)

Submitted:  September 29, 2015  Decided:  October 19, 2015

Before GREGORY, SHEDD, and WYNN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Lora Blanchard, Assistant Federal Public Defender, Greenville, South Carolina, for Appellant. William Jacob Watkins, Jr., OFFICE OF THE UNITED STATES ATTORNEY, Greenville, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Kimberley J. DeMata appeals from her conviction and 37-month sentence entered pursuant to her guilty plea to conspiracy to defraud the IRS. On appeal, DeMata's counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), stating that there are no meritorious issues for appeal, but questioning whether DeMata's sentence was unreasonable. Neither the Government nor DeMata has filed a brief. After an examination of the entire record, we affirm.

Although DeMata asserts that her sentence is unreasonable, she offers no specific reasoning. We review a defendant's sentence "under a deferential abuse-of-discretion standard." Gall v. United States, 552 U.S. 38, 41 (2007). Under this standard, a sentence is reviewed for both procedural and substantive reasonableness. Id. at 51. In determining procedural reasonableness, we consider whether the district court properly calculated the defendant's advisory Guidelines range, gave the parties an opportunity to argue for an appropriate sentence, considered the 18 U.S.C. § 3553(a) (2012) factors, and sufficiently explained the selected sentence. Gall, 552 U.S. at 49-51.

If a sentence is free of "significant procedural error," we then review it for substantive reasonableness, "tak[ing] into account the totality of the circumstances." Id. at 51. "Any

2

sentence that is within or below a properly calculated Guidelines range is presumptively reasonable." United States v. Louthian, 756 F.3d 295, 306 (4th Cir.), cert. denied, 135 S. Ct. 421 (2014). Such a presumption can only be rebutted by a showing that the sentence is unreasonable when measured against the § 3553(a) factors. Id.

Here, the district court gave an individualized assessment of DeMata's conduct. The district court entertained DeMata's arguments for a probationary sentence, even if it did not specifically state it was rejecting the arguments. Moreover, the court explicitly stated that it considered all the statutory factors and, in fact, examined several factors individually in depth, demonstrating "reasoned decisionmaking" sufficient to support the sentence. United States v. Carter, 564 F.3d 325, 329 (4th Cir. 2009). Thus, we conclude that DeMata's within-Guidelines sentence was not unreasonable.

In accordance with Anders, we have reviewed the entire record in this case for meritorious issues and have found none. Accordingly, we affirm. This court requires that counsel inform DeMata in writing of her right to petition the Supreme Court of the United States for further review. If DeMata requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move this court for leave to withdraw from representation. Counsel's motion must state

3

that a copy thereof was served on DeMata.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED
